**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

| | |
|---|---|
| JUSTIN GEORGE, ARIENNE PATZELT, MELISSA ZUBER, and TSU HAN POH-GRACIA, as representatives of a class of similarly situated persons, and on behalf of the Garnet Health Medical Center 403(b) Retirement Savings Plan and Garnet Health Medical Center - Catskills 403(b) Retirement Savings Plan, | Case No. 7:24-cv-6422-PMH |
| Plaintiffs, | |
| v. | |
| GARNET HEALTH MEDICAL CENTER, | |
| Defendant. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..................................................................................... ii

INTRODUCTION ................................................................................................... 1

BACKGROUND ..................................................................................................... 1

   I.   PLEADINGS, DISCOVERY, AND MEDIATION ........................................... 1

   II.   OVERVIEW OF SETTLEMENT TERMS ...................................................... 2

      A.  Settlement Class ................................................................................ 2

      B.  Relief ................................................................................................ 3

      C.  Release of Claims ............................................................................. 3

      D.  Class Notice and Settlement Administrator ...................................... 4

      E.  Attorneys' Fees, Costs, and Case Contribution Awards ................... 5

      F.  Review by Independent Fiduciary ..................................................... 5

STANDARD OF REVIEW ...................................................................................... 5

ARGUMENT ........................................................................................................... 6

   I.   THE SETTLEMENT CLASS SHOULD BE CONDITIONALLY CERTIFIED FOR PURPOSES OF SETTLEMENT. ....................................................................... 6

      A.  The Proposed Settlement Class Satisfies Rule 23(a) ...................... 7

      B.  The Proposed Settlement Class Satisfies Rule 23(b)(1) ................. 10

   II.   THE SETTLEMENT SATISFIES RULE 23(E)(2) AND APPLICABLE *GRINNELL* FACTORS ....................................................................................... 13

      A.  The Class Representatives and Class Counsel Have Adequately Represented the Class and Will Continue to do So. ......................... 13

      B.  The Settlement was Negotiated at Arm's Length by Experienced Counsel and Facilitated by an Experienced Mediator. .................... 13

      C.  The Settlement Provides Significant Relief to Class Members that is Fair and Adequate Based on All Relevant Considerations. ................ 14

         1.  Risks, Costs, and Delay of Continued Litigation and *Grinnell* Factors 1, 3–6, 8–9 ........................................................... 15

         2.  Effectiveness of Distribution Method ..................................... 18

         3.  Attorneys' Fees ....................................................................... 19

         4.  Other Agreements ................................................................... 20

      D.  The Settlement Treats Class Members Equitably. ........................... 20

   III.   THE CLASS NOTICE PLAN IS REASONABLE AND SHOULD BE APPROVED ... 20

CONCLUSION ........................................................................................................ 21

# TABLE OF AUTHORITIES

Cases

*Amchem Prods. Inc. v. Windsor*,
   521 U.S. 591 (1997) ................................................................................................... 6, 9

*Andrus v. New York Life Ins. Co*.,
   No. 2:16-cv-05698 (Feb. 14, 2017) .............................................................. 18, 19

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
   222 F.3d 52 (2d Cir. 2000) ........................................................................................ 9

*Beach v. JPMorgan Chase Bank, Nat'l Ass'n*,
   No. 17-CV-563 (JMF), 2019 WL 2428631 (S.D.N.Y. June 11, 2019) ................... 12

*Bhatia v. McKinsey & Co., Inc.*,
   No. 1:19-cv-01466 (S.D.N.Y. Sept. 18, 2020) ............................................ 14, 16, 21

*Cates v. The Trustees of Columbia University in the City of New York*,
   No. 1:16-cv-06524 (S.D.N.Y. Nov. 13, 2018) ...................................................... 12

*Caufield v. Colgate-Palmolive Co.*,
   No. 16-cv-4170, 2017 WL 3206339 (S.D.N.Y. July 27, 2017) ............................. 10

*Chabak v. Somnia, Inc.*,
   No. 7:22-CV-09341 (S.D.N.Y. April 28, 2025) ..................................................... 18

*Chesemore v. Fenkell*,
   No. 3:09-cv-00413 (W.D. Wisc.) ............................................................................ 17

*City of Detroit v. Grinnell Corp.*,
   495 F.2d 448 (2d Cir. 1974) .................................................................................... 14

*Clark v. Ecolab, Inc.*,
   Nos. 07 Civ. 8623(PAC), 04 Civ. 4488(PAC), 06 Civ. 5672(PAC), 2009 WL 6615729
   (S.D.N.Y. Nov. 27, 2009) ......................................................................................... 6

*Colon v. Johnson*,
   No. 8:22-cv-00888-TPB-TGW, 2024 WL 5133933 (M.D. Fla. Dec. 13, 2024), *report and
   recommendation adopted*, No. 8:22-CV-888-TPB-TGW, 2024 WL 5131566 (M.D. Fla. Dec.
   17, 2024) ................................................................................................................... 19

*Consol. Rail Corp. v. Town of Hyde Park*,
   47 F.3d 473 (2d Cir. 1995) ........................................................................................ 7

*Cunningham v. Cornell Univ.*,
   No. 16-CV-6525 (PKC), 2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) ............... 11, 12

*Falberg v. Goldman Sachs Grp., Inc.*,
   No. 19 CIV. 9910 (ER), 2022 WL 538146 (S.D.N.Y. Feb. 14, 2022) ................... 10

*Foster v. Adams & Assocs., Inc.*,
   No. 18-cv-02723-JSC, 2021 WL 4924849 (N.D. Cal. Oct. 21, 2021) ................... 17

*Fuller v. SunTrust Banks, Inc.*,
   No. 1:11-cv-00784 (N.D. Ga. June 5, 2020) ........................................................... 17

*Gamino v. KPC Healthcare*,
   No. 5:20-cv-1126, Dkt. 452 (C.D. Cal. Oct. 21, 2023) ........................................................ 16

*Gen. Tel. Co. of the S.W. v. Falcon*,
   457 U.S. 147 (1982)............................................................................................................. 8

*Godson v. Eltman, Eltman, & Cooper, P.C.*,
   328 F.R.D. 35 (W.D.N.Y. 2018)........................................................................................... 7

*Guevoura Fund Ltd. v. Sillerman*,
   No. 1:15-CV-07192-CM, 2019 WL 6889901 (S.D.N.Y. Dec. 18, 2019) ............................... 5

*Harris v. Koenig*,
   271 F.R.D. 383 (D.D.C. 2010)........................................................................................... 11

*Harvey v. Bed Bath & Beyond, Inc. 401(k) Savings Plan Committee*,
   No. 2:23-cv-20376-CCC-SDA (D.N.J. Oct. 3, 2025)........................................................ 19

*Hesse v. Godiva Chocolatier, Inc.*,
   No. 1:19-CV-0972-AJN, 2021 WL 11706821 (S.D.N.Y. Oct. 26, 2021) ................... 13, 14, 15

*In re AOL Time Warner ERISA Litig.*,
   No. 02 CIV. 8853 SWK, 2006 WL 2789862 (S.D.N.Y. Sept. 27, 2006)............................... 12

*In re Barrick Gold Sec. Litig.*,
   314 F.R.D. 91 (S.D.N.Y. 2016) ........................................................................................... 7

*In re Beacon Assocs. Litig.*,
   282 F.R.D. 315 (S.D.N.Y. 2012) ....................................................................................... 12

*In re Citigroup Pension Plan ERISA Litig.*,
   241 F.R.D. 172 (S.D.N.Y. 2006) ....................................................................................... 10

*In re Excess Value Ins. Coverage Litig.*,
   No. M-21-84RMB, 2004 WL 1724980 (S.D.N.Y. July 30, 2004).......................................... 14

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
   574 F.3d 29 (2d Cir. 2009) .................................................................................................. 8

*In re Global Crossing Secs. & ERISA Litig.*,
   225 F.R.D. 436 (S.D.N.Y. 2004) ................................................................................ 9, 10, 11

*In re GSE Bonds Antitrust Litig.*,
   414 F. Supp. 3d 686 (S.D.N.Y. 2019) ................................................................................ 20

*In re GSE Bonds Antitrust Litig.*,
   No. 19-CV-1704 (JSR), 2019 WL 6842332 (S.D.N.Y. Dec. 16, 2019)................................. 14

*In re J.P. Morgan Stable Value Fund ERISA Litig.*,
   No. 12 Civ 2548, 2017 WL 1273963 (S.D.N.Y. Mar. 31, 2017) .............................................. 7

*In re Lloyd's Am. Trust Fund Litig.*,
   No. 96 Civ. 1262 RWS, 2002 WL 31663577 (S.D.N.Y. Nov. 26, 2002) ............................... 18

*In re Luxottica Group S.p.A. Sec. Litig.*,
   233 F.R.D. 306 (E.D.N.Y. 2006) ......................................................................................... 6

*In re Merck & Co.*,
  MDL No. 1658 (SRC), 2009 WL 331426 (D.N.J. Feb. 10, 2009) ......................................... 11

*In re Michael Milken & Assocs. Sec. Litig.*,
  150 F.R.D. 57 (S.D.N.Y. 1993) ............................................................................................ 20

*In re Omnicom Grp., Inc. ERISA Litig.*,
  No. 1:20-cv-04141 (S.D.N.Y. July 5, 2023) ...................................................................... 7, 11

*In re PaineWebber Ltd. P'ships Litig.*,
  147 F.3d 132 (2d Cir. 1998) ................................................................................................... 5

*In re Schering Plough Corp. ERISA Litig.*,
  589 F.3d 585 (3d Cir. 2009) ................................................................................................. 11

*In re Veeco Instruments, Inc. Sec. Litig.*,
  235 F.R.D. 220 (S.D.N.Y. 2006) ............................................................................................ 8

*In re Virtus Invest. Partners, Inc. Sec. Litig.*,
  No. 15cv1249, 2017 WL 2062985 (S.D.N.Y. May 15, 2017) ................................................. 8

*In re WorldCom, Inc. Sec. Litig.*,
  219 F.R.D. 267 (S.D.N.Y. 2003) ....................................................................................... 8, 12

*Johnson v. Fujitsu Tech. & Business of Am., Inc.*,
  No. 16-cv-03698-NC, 2018 WL 2183253 (N.D. Cal. May 11, 2018) .................................... 16

*Johnson v. Nextel Comms. Inc.*,
  780 F.3d 128 (2d Cir. 2015) ................................................................................................... 7

*Kanawi v. Bechtel Corp.*,
  254 F.R.D. 102 (N.D. Cal. 2008) .......................................................................................... 11

*Koch v. Dwyer*,
  No. 98 Civ. 5519(RPP), 2001 WL 289972 (S.D.N.Y. March 23, 2001) ................................ 12

*Krueger v. Ameriprise Fin., Inc.*,
  No. 11–CV–02781 (SRN/JSM), 2015 WL 4246879 (D. Minn. July 13, 2015) ................. 17, 19

*Krueger v. Ameriprise Fin., Inc.*,
  304 F.R.D. 559 (D. Minn. 2014) ...................................................................................... 11, 12

*Kruger v. Novant Health, Inc.*,
  No. 1:14CV208, 2016 WL 6769066 (M.D.N.C. Sept. 29, 2016) ........................................... 19

*Lomeli v. Sec. & Inv. Co. Bahrain*,
  546 Fed. App'x 37 (2d Cir. 2013) ......................................................................................... 20

*Masters v. Wilhelmina Model Agency, Inc.*,
  473 F.3d 423 (2d Cir. 2007) ................................................................................................. 20

*Maywalt v. Parker & Parsley Petroleum Co.*,
  67 F.3d 1072 (2d Cir. 1995) ................................................................................................... 5

*Meredith Corp. v. SESAC, LLC*,
  87 F.Supp.3d 650 (S.D.N.Y. 2015) ....................................................................................... 20

*Moreno v. Deutsche Bank Americas Holding Corp.*,
　No. 15 Civ. 9936 (LGS), 2017 WL 3868803 (S.D.N.Y Sept. 5, 2017)........................ 7, 8, 9, 12

*Moreno v. Deutsche Bank Americas Holding Corp.*,
　No. 15 Civ. 9936 (LGS) (S.D.N.Y. Aug. 14, 2018) ................................................. 18

*Morris v. Affinity Health Plan, Inc.*,
　859 F. Supp. 2d 611 (S.D.N.Y. 2012) .................................................................... 13

*Nnebe v. Daus*,
　No. 06-CV-4991 (RJS), 2025 WL 1333425 (S.D.N.Y. May 7, 2025) .................................. 5, 6

*Phillips Petroleum Co. v. Shutts*,
　472 U.S. 797 (1985)............................................................................................. 20

*Robinson v. Metro-North Commuter R.R.*,
　267 F.3d 147 (2d Cir. 2001) ................................................................................ 7

*Rosenfeld v. Lenich*,
　No. 18-CV-6720 (NGG) (PK), 2021 WL 508339 (E.D.N.Y. Feb. 11, 2021) ......................... 18

*Sacerdote v. New York Univ.*,
　No. 16-CV-6284 (KBF), 2018 WL 840364 (S.D.N.Y. Feb. 13, 2018) ....................... 10, 12, 17

*Shanehchian v. Macy's, Inc.*,
　No. 1:07-CV-00828, 2011 WL 883659 (S.D. Ohio Mar. 10, 2011)................................... 11, 12

*Sims v. BB&T Corp.*,
　No. 1:15-cv-732 (M.D.N.C. Nov. 30, 2018) .......................................................... 18

*Soler v. Fresh Direct, LLC*,
　No. 20 CIV. 3431 (AT), 2023 WL 2492977 (S.D.N.Y. Mar. 14, 2023) ............................. 7, 13

*Tibble v. Edison Int'l*,
　2017 WL 3523737 (C.D. Cal. Aug. 16, 2017)........................................................... 17

*Tufano v. Pride Mobility Prods. Corp.*,
　No. 3:24-cv-00765-KM (M.D. Pa. June 17, 2025).................................................... 19

*Tussey v. ABB, Inc.*,
　850 F.3d 951 (8th Cir. 2017) ............................................................................... 17

*Urakhchin v. Allianz Asset Mgmt. of Am., LP*,
　No. 8:15-cv-01614 (C.D. Cal. Dec. 26, 2017)......................................................... 18

*Velazquez v. Mass. Fin. Servs. Co.*,
　No. 1:17-CV-11249 (D. Mass. June 14, 2019) ....................................................... 18

*Velez v. Novartis Pharm. Corp.*,
　No. 04 Civ. 09194(CM), 2010 WL 4877852 (S.D.N.Y. Nov. 30, 2010) ............................ 17

*Waldner v. Natixis Inv. Managers, L.P.*,
　No. CV 21-10273-LTS, 2025 WL 1871290 (D. Mass. June 26, 2025)............................... 16

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
　396 F.3d 96 (2d Cir. 2005) ........................................................................ 5, 13, 18

*Weinberger v. Kendrick,*
   698 F.2d 61 (2d Cir. 1982) ................................................................................. 6

*Wildman v. Am. Century Servs., LLC,*
   362 F. Supp. 3d 685 (W.D. Mo. 2019) ............................................................. 16

**Regulations**

Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75632, as amended, 75 Fed. Reg.
   33830 ...................................................................................................................... 4

**Rules**

Federal Rule of Civil Procedure 23(a) ....................................................... 6, 8, 12

Federal Rule of Civil Procedure 23(b) ................................................ 6, 10, 11, 12

Federal Rule of Civil Procedure 23(e) ...................................................... *passim*

**<u>Other Authorities</u>**

4 NEWBERG ON CLASS ACTIONS ................................................................. 5

Fed. R. Civ. P. 23, Advisory Committee Note (1966) .................................... 11

## INTRODUCTION

Plaintiffs Justin George, Arienne Patzelt, Melissa Zuber, and Tsu Han Poh-Gracia ("Plaintiffs") submit this Memorandum in support of their Motion for Preliminary Approval of Class Action Settlement with Defendant Garnet Health Medical Center regarding the management of the Garnet Health Medical Center 403(b) Retirement Savings Plan and each of its predecessor plans that were merged and/or acquired, individually and collectively, and any trust created under such plan ("Plan"). Under the Settlement, a Gross Settlement Amount of $4.6 million will be paid to resolve the claims of the Settlement Class. This is a significant recovery for the Class and falls within the range of negotiated settlements in similar ERISA cases.

As elaborated below, the Settlement is fair, reasonable, and adequate, and warrants preliminary approval so that the proposed Settlement Notice can be sent to the Settlement Class. Accordingly, Plaintiffs respectfully request that the Court enter the proposed Preliminary Approval Order submitted herewith that: (1) preliminarily approves the Settlement; (2) approves the proposed Settlement Notices and authorizes their distribution; (3) certifies the proposed Settlement Class; (4) schedules a final approval hearing; and (5) grants such other relief as set forth in the proposed Preliminary Approval Order submitted herewith.

## BACKGROUND

## I.    PLEADINGS, DISCOVERY, AND MEDIATION

On August 26, 2024, Plaintiffs filed a Class Action Complaint asserting Defendant's breaches of fiduciary duties based on Defendant's failure to monitor the Plan's stable value investment option, other proprietary investments furnished by the Plan's recordkeeper, and the cost of the Plan's administrative services. Dkt. 1. Specifically, Plaintiffs alleged Defendant should have removed and replaced these high-cost, underperforming investment options, monitored the administrative fees charged to the Plan, and that Defendant's failure to do so

resulted in substantial losses to the Plan. *Id.* On December 13, 2024, Plaintiffs amended their Complaint. Dkt. 32 ("FAC"). On February 10, 2025, Defendant moved to dismiss Plaintiffs' FAC. Dkts. 40, 41. Briefing on that motion was completed March 26, 2025, and that motion remained pending at the time of settlement. Dkts. 42, 44. Defendant disputes the allegations in the Complaint and Amended Complaint.

While Defendant's motion was pending, the Parties engaged in substantial discovery. Plaintiffs deposed all members of the Garnet Health Medical Center Retirement Plan Committee, which was the fiduciary committee tasked with overseeing the Plan. Declaration of Jennifer K. Lee in Support of Preliminary Approval of Class Action Settlement ("Lee Dec.") ¶ 11. Plaintiffs also received nearly 15,000 pages of documents and electronically stored information, written responses to interrogatories and requests for admission. *Id.*

On September 16, 2025, the Parties engaged in a private, in-person mediation facilitated by experienced JAMS mediator Robert A. Meyer, Esq. Lee Dec. ¶ 12. That mediation resulted in the settlement that is the subject of this motion. *Id.*

## II.    OVERVIEW OF SETTLEMENT TERMS

### A.  Settlement Class

The Settlement calls for certification of the following Settlement Class:

> All persons who were participants in the Plan at any time from August 26, 2018, through the date the Court enters the Preliminary Approval Order, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period, excluding fiduciaries of the Plan.

Lee Dec., Ex. 1 ("Settlement") § 1.50. Based on information from publicly filed Form 5500s, there are at least 5,000 Settlement Class Members. Lee Dec. ¶ 13.

### B. Relief

Under the terms of the Settlement, a Gross Settlement Amount of $4.6 million will be paid to resolve the claims of the Settlement Class Members. Settlement § 1.28. After accounting for any Attorneys' Fees and Costs, Administrative Expenses, and Case Contribution Awards approved by the Court, the Net Settlement Amount will be distributed to Class Members in accordance with the Plan of Allocation in the Settlement. *Id.* §§ 1.31, 5.1. Class Members who are current participants in the Plan will automatically receive their Settlement distribution in their Plan accounts. *Id.* § 5.4.1. Class members who are no longer in the Plan will have the opportunity to submit a Rollover Form allowing them to have their distribution rolled over into an individual retirement account or other eligible employer plan. *Id.* § 5.4.2. Class Members who do not timely submit a Rollover Form will be sent a check. *Id.* § 5.4.4. Under the Plan of Allocation, each Class Member will receive their *pro rata* share of the Net Settlement Amount based on their quarterly account balances during the Class Period. *Id.* § 5.1.

In addition, within three years after the Settlement Effective Date, if the Plan's fiduciaries have not already done so, the Plan's fiduciaries will conduct a request for proposal relating to the Plan's investor advisor and recordkeeping services. *Id.* §§ 12.1, 12.2. This prospective equitable relief will provide additional relief to Plan participants.

### C. Release of Claims

In exchange for this relief, the Settlement Class will release Defendant and other Released Parties from all claims arising prior to the end of the Class Period:

- That were asserted or could have been asserted in the Class Action, or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, or could have been alleged, asserted, or

set forth in the operative First Amended Complaint or in any complaint previously filed against Defendant; or

- That arise out of, relate in any way to, are based on, or have any connection with (a) the selection, oversight, retention, monitoring, compensation related to, fees, or performance of the Plan's investment options or service providers; (b) disclosures or failures to disclose information regarding the Plan's investment options, fees, or service providers; (c) the management, oversight or administration of the Plan or its fiduciaries; or (d) alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties or prohibited transactions under ERISA with respect to the supervision or management of the Plan; and (e) all calculations that are part of the allocation and distribution process of the Settlement; or

- That would be barred by *res judicata* based on entry of the Final Order; or

- That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any Class Member in accordance with the Plan of Allocation; or

- That relate to the approval by the Independent Fiduciary of the Settlement, unless brought against the Independent Fiduciary alone.

*Id.* § 1.41. The Released Claims do not include claims to enforce the Settlement or claims for vested benefits that do not relate to the released claims. *Id.* § 1.41.6

### D. Class Notice and Settlement Administrator

Class Members will be sent a direct notice of the settlement ("Notice") via first-class U.S. Mail. *Id.* § 1.52 & Ex. A. The Notice will include a Rollover Form to make the rollover election described above. *Id.* § 1.44 & Ex. B. There will also be a Settlement Website with the Operative Complaint; Settlement Agreement and Exhibits; Plaintiffs' Motion for Preliminary Approval of Class Action Settlement; Plaintiffs' Motion for Attorneys' Fees and Costs, Administrative Expenses, and Case Contribution Awards once it is filed; and any Court orders regarding the Settlement. *Id.* § 2.6. The Settlement Administrator will also establish a toll-free telephone line with a live operator who can answer questions. *Id*.

### E. Attorneys' Fees, Costs, and Case Contribution Awards

The Settlement requires that Class Counsel file their motion for attorneys' fees at least 30 days before the deadline for objections set by the Court. *Id.* § 6.2. As explained in the Notice, Class Counsel will seek no more than one-third of the Gross Settlement Amount ($1,533,333.33) in attorneys' fees. *Id.* § 6.1 & Ex. A. In addition, the Settlement provides for recovery of attorneys' costs, administrative expenses, and Case Contribution Awards subject to Court approval. *Id.* § 6.1.

### F. Review by Independent Fiduciary

As required under ERISA, Defendant will retain an Independent Fiduciary to review and authorize the Settlement on behalf of the Plan. *Id.* § 2.1; Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75632, as amended, 75 Fed. Reg. 33830. The Independent Fiduciary will issue its report prior to the Final Fairness Hearing so that the Court may consider it. *Id.* §§ 2.1.2, 2.1.6.

## <u>STANDARD OF REVIEW</u>

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval of any settlement agreement that will bind absent class members. This involves a two-step process. *Nnebe v. Daus*, No. 06-CV-4991 (RJS), 2025 WL 1333425, at *2 (S.D.N.Y. May 7, 2025). In the first step, the court considers whether the settlement warrants preliminary approval, such that notice of the settlement may be sent to the class members. *Id.* In the second step, after notice of the proposed settlement has been issued and class members have had an opportunity to be heard, the court considers whether the settlement warrants final court approval. *Id.*

The decision whether to approve a proposed class action settlement is a matter of judicial discretion. *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995). However, there is a "strong judicial policy in favor of settlements, particularly in the class action

context." *Guevoura Fund Ltd. v. Sillerman*, No. 1:15-CV-07192-CM, 2019 WL 6889901, at *5

(S.D.N.Y. Dec. 18, 2019) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116

(2d Cir. 2005)); *see also In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir.

1998); 4 NEWBERG ON CLASS ACTIONS ("NEWBERG") § 11:41 (4th ed. 2002). "Class

action suits readily lend themselves to compromise because of the difficulties of proof, the

uncertainties of the outcome, and the typical length of the litigation." *Guevoura Fund*, 2019 WL

6889901, at *5 (citing *In re Luxottica Group S.p.A. Sec. Litig.*, 233 F.R.D. 306, 310 (E.D.N.Y.

2006)); *see also Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982) ("There are weighty

justifications, such as the reduction of litigation and related expenses, for the general policy

favoring the settlement of litigation."). As a result, "courts should give proper deference to the

private consensual decision of the parties … [and] should keep in mind the unique ability of class

and defense counsel to assess the potential risks and rewards of litigation[.]" *Clark v. Ecolab,

Inc.*, Nos. 07 Civ. 8623(PAC), 04 Civ. 4488(PAC), 06 Civ. 5672(PAC), 2009 WL 6615729, at

*3 (S.D.N.Y. Nov. 27, 2009) (citations omitted).

Under Rule 23(e)(1), courts are authorized to grant preliminary approval of a proposed

settlement so long as the court will "likely be able to" grant final approval of the settlement and

certify the class for purposes of settlement. *See* Fed. R. Civ. P. 23(e)(1); *Nnebe*, 2025 WL

1333425, at *2. As explained below, this standard is satisfied here.

## ARGUMENT

## I.   THE SETTLEMENT CLASS SHOULD BE CONDITIONALLY CERTIFIED FOR PURPOSES OF SETTLEMENT.

First, "the Court must consider whether it 'will likely be able to (ii) certify the class for

purposes of judgment on the proposal.'" *Nnebe,* 2025 WL 1333425, at *7 (quoting Fed. R. Civ.

P. 23(e)(1)(B). "Courts often conditionally certify classes for settlement purposes at the time

they consider preliminary approval of a settlement, deferring final certification of the class until after a fairness hearing." *Id.* Conditional certification requires an examination of the factors under Rule 23(a) and one subsection under Rule 23(b). *Id.*

### A. The Proposed Settlement Class Satisfies Rule 23(a)

Rule 23(a) sets forth four requirements applicable to class actions: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a); *see also Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Courts also require that the class be ascertainable. *In re Barrick Gold Sec. Litig.*, 314 F.R.D. 91, 98 (S.D.N.Y. 2016) (noting Rule 23(a)'s implied ascertainability requirement). Each of these requirements is met here.

*Ascertainability***:** The Settlement Class can easily be ascertained through a list of all the Plan's participants during the Class Period provided by the Plan's recordkeeper. Thus, ascertainability is met. *In re Omnicom Grp., Inc. ERISA Litig.,* No. 1:20-cv-04141, Dkt. 256 at ¶ (2)(a) (S.D.N.Y. July 5, 2023); *Godson v. Eltman, Eltman, & Cooper, P.C.*, 328 F.R.D. 35, 47 (W.D.N.Y. 2018).

*Numerosity***:** The Settlement Class has at least 5,000 members, easily satisfying numerosity. Lee Dec. ¶ 13; *see Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members."); *Soler v. Fresh Direct, LLC*, No. 20 CIV. 3431 (AT), 2023 WL 2492977, at *5 (S.D.N.Y. Mar. 14, 2023) (same).

*Commonality***:** Commonality requires the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This does not mean that all class members must make identical claims and arguments, but only that "plaintiff's grievances share a common question of law or fact." *Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 155 (2d Cir. 2001). "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Moreno v. Deutsche Bank Americas*

7

*Holding Corp.*, No. 15 Civ. 9936 (LGS), 2017 WL 3868803, at *4 (S.D.N.Y Sept. 5, 2017) ("*Moreno I*") (quoting *Johnson v. Nextel Comms. Inc.*, 780 F.3d 128, 137 (2d Cir. 2015)).

"Typically, the question of defendants' liability for ERISA violations is common to all class members because a breach of fiduciary duty affects all participants and beneficiaries." *Id.* (quoting *In re J.P. Morgan Stable Value Fund ERISA Litig.*, No. 12 Civ 2548, 2017 WL 1273963, at *7 (S.D.N.Y. Mar. 31, 2017)). This case is no exception. The lawsuit raises numerous common questions, including whether "Defendant[]' process for assembling and monitoring the Plans' menu of investment options . . . was tainted by . . . imprudence and whether Defendant[] acted imprudently by failing to control recordkeeping expenses[,]" *id.* at *15, as well as the proper form of equitable and injunctive relief and the proper measure of monetary relief. Courts frequently find common questions like these presented by ERISA class actions satisfy commonality. *In re Marsh ERISA Litig.*, 265 F.R.D. 128, 142–43 (S.D.N.Y. 2010) ("By their very nature, ERISA actions often present common questions of law and fact, and are therefore frequently certified as class actions.").

**Typicality:** The typicality requirement "tend[s] to merge" with the commonality requirement. *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 157 n.13 (1982); *see also In re Virtus Invest. Partners, Inc. Sec. Litig.*, No. 15cv1249, 2017 WL 2062985, at *3 (S.D.N.Y. May 15, 2017) ("The typicality requirement overlaps with that of commonality."). Typicality is satisfied "'when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Moreno I*, 2017 WL 386803, at *7 (quoting *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009)). This does not require that the situation of the named representatives and the class members be identical. *In re Veeco Instruments, Inc. Sec. Litig.*, 235 F.R.D. 220, 238 (S.D.N.Y.

2006). Rather, it is sufficient that "the disputed issue of law or fact occup[ies] essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." *In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 280 (S.D.N.Y. 2003).

Here, Plaintiffs' claims are consistent with those of other Class Members who participated in the Plan, as they arise from the Plan's stable value investment option, retention of proprietary funds in the Plan, and administrative expenses incurred by the Plan. Plaintiffs do not have any unique claims against Defendant beyond those shared with the Settlement Class. Therefore, their claims are typical of the Settlement Class. *See Moreno I*, 2017 WL 3868803, at *7 (finding class representatives' claims regarding proprietary funds and allegedly excessive recordkeeping expenses were typical of the class).

*Adequacy*: Fed. R. Civ. P. 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." To satisfy this requirement: (1) class counsel must be qualified, experienced, and generally able to conduct the litigation; and (2) the representative plaintiff's interests must not be antagonistic to those of the class. *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). Plaintiffs and Plaintiffs' Counsel satisfy these requirements.

Plaintiffs George, Patzelt, Zuber, and Poh-Gracia are all adequate to represent the Class. They aided Plaintiffs' Counsel in their investigation, provided documents to Plaintiffs' Counsel and responded to discovery requests, prepared for and appeared for their depositions, prepared for and consulted with Class Counsel in advance of mediation, and were prepared to represent the class through discovery and at trial. Lee Dec. ¶ 23; Declaration of Justin George ("George Dec.") ¶ 4; Declaration of Arienne Patzelt ("Patzelt Dec.") ¶ 4; Declaration of Melissa Zuber ("Zuber Dec.") ¶ 4; Declaration of Tsu Han Poh-Gracia ("Poh-Gracia Dec.") ¶ 4. They are aware

of no conflicts with the Class and have represented, and will continue to represent, the Class's interests as they would their own. George Dec. ¶¶ 3, 5, 8; Patzelt Dec. ¶¶ 3, 5, 8; Zuber Dec. ¶¶ 3, 5, 8; Poh-Gracia Dec. ¶¶ 3, 5, 8. Plaintiffs are therefore adequate class representatives. *See Amchem*, 521 U.S. at 625 (adequacy inquiry looks for "conflicts of interest between named parties and the class they seek to represent"); *In re Global Crossing Secs. & ERISA Litig.*, 225 F.R.D. 436, 452 (S.D.N.Y. 2004) (finding class representatives adequate where their claims arose from the same alleged course of conduct and were based on the same legal theories as the class members).

Plaintiffs' Counsel is also well-qualified to represent the Class. Engstrom Lee attorneys comprise experienced ERISA practitioners and complex litigators who have been appointed as class counsel in more than a dozen ERISA class actions. Lee Dec. ¶ 21, Ex. 2. James White LLC is also experienced and qualified to represent the Class. Declaration of James White ¶ 3. Together, Plaintiffs' Counsel have prosecuted this action through the investigation, motion practice, discovery, and mediation. Lee Dec. ¶ 22. At all times, Plaintiffs' Counsel have vigorously represented the interests of the Class in this litigation. *Id.* Plaintiffs' Counsel are therefore adequate. *See Global Crossing*, 225 F.R.D. at 453 (finding class counsel adequate where they had "extensive experience" in ERISA litigation and federal class actions).

### B.  The Proposed Settlement Class Satisfies Rule 23(b)(1)

The proposed class also satisfies Rule 23(b)(1), which requires certification of a class if prosecution of separate actions would create a risk of:

(A)    inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B)    adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]

"Most ERISA class action cases are certified under Rule 23(b)(1)." *Sacerdote v. New York Univ.*, No. 16-CV-6284 (KBF), 2018 WL 840364, at *6 (S.D.N.Y. Feb. 13, 2018) (quoting *Caufield v. Colgate-Palmolive Co.*, No. 16-cv-4170, 2017 WL 3206339, at *6 (S.D.N.Y. July 27, 2017)); *In re Citigroup Pension Plan ERISA Litig.*, 241 F.R.D. 172, 179 (S.D.N.Y. 2006) (certifying class under Rule 23(b)(1)); *Falberg v. Goldman Sachs Grp., Inc.*, No. 19 CIV. 9910 (ER), 2022 WL 538146, at *11 (S.D.N.Y. Feb. 14, 2022) (same); *Cunningham v. Cornell Univ.*, No. 16-CV-6525 (PKC), 2019 WL 275827, at *8 (S.D.N.Y. Jan. 22, 2019) (same); *see also In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009) (ERISA breach of fiduciary duty cases are "paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1)," citing cases). Here, the requirements of both Rule 23(b)(1)(A) and Rule 23(b)(1)(B) are satisfied. *See Global Crossing*, 225 F.R.D. at 453 (certifying class under both prongs and noting that "[b]ecause of ERISA's distinctive representative capacity and remedial provisions, ERISA litigation of this nature presents a paradigmatic example of a (b)(1) class.") (quotations omitted); *Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559, 576-78 (D. Minn. 2014) ("*Krueger I*") (certifying class under both prongs).

Plaintiffs' claims satisfy Rule 23(b)(1)(A) because inconsistent or varying adjudications with respect to individual class members would establish incompatible standards of conduct for Defendant. *In re Merck & Co.*, MDL No. 1658 (SRC), 2009 WL 331426, at *12 (D.N.J. Feb. 10, 2009) (finding certification under Rule 23(b)(1)(A) proper because of the risk "that different courts would reach inconsistent conclusions about the standards of conduct for the fiduciaries"); *Omnicom Grp., Inc. ERISA Litig.*, No. 1:20-cv-04141, Dkt. 256 at ¶ (2)(e) (same); *Krueger I*, 304 F.R.D. at 577; *see also Shanehchian v. Macy's, Inc.*, No. 1:07-CV-00828, 2011 WL 883659, *9 (S.D. Ohio Mar. 10, 2011) ("If liability is found in one court but not in another, Defendants

would be left in limbo, having been vindicated with respect to their duties to the Plans in one court but subject to judgment that would vitiate that vindication in another, thus making compliance impossible."); *Harris v. Koenig*, 271 F.R.D. 383, 394 (D.D.C. 2010); *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 111 (N.D. Cal. 2008).

The claims also satisfy Rule 23(b)(1)(B) because an adjudication on behalf of one participant of the Plans would effectively be dispositive of the claims of the other class members. *See Moreno I*, 2017 WL 3868803, at *8. The Advisory Committee Notes to Rule 23 expressly recognize that class certification is appropriate under Rule 23(b)(1)(B) in "an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust." Fed. R. Civ. P. 23, Advisory Committee Note (1966). "[T]his case falls squarely within the meaning articulated by the Advisory Committee as Plaintiff allege[s] breaches of fiduciary duties affecting the Plans and the thousands of participants in the Plans." *Shanehchian,* 2011 WL 883659, at *10. Numerous courts have granted certification under Rule 23(b)(1)(B) in similar cases. *See e.g.*, *Beach v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17-CV-563 (JMF), 2019 WL 2428631 (S.D.N.Y. June 11, 2019); *Cunningham*, 2019 WL 275827, at *8; *Cates v. The Trustees of Columbia University in the City of New York*, 1:16-cv-06524, Dkt. 210 (S.D.N.Y. Nov. 13, 2018); *Sacerdote*, 2018 WL 840364; *Moreno I*, 2017 WL 3868803, at *8; *Krueger I*, 304 F.R.D. at 577; *In re Beacon Assocs. Litig.*, 282 F.R.D. 315, 342 (S.D.N.Y. 2012); *In re AOL Time Warner ERISA Litig.*, No. 02 CIV. 8853 SWK, 2006 WL 2789862 (S.D.N.Y. Sept. 27, 2006); *WorldCom*, 2004 WL 2211664; *Koch v. Dwyer*, No. 98 Civ. 5519(RPP), 2001 WL 289972, at *5 (S.D.N.Y. March 23, 2001).

*       *       *       *

Accordingly, the settlement class satisfies Rule 23(a) and (b)(1) and should be conditionally certified.

## II.    THE SETTLEMENT SATISFIES RULE 23(E)(2) AND APPLICABLE *GRINNELL* FACTORS.

In order to approve a settlement under Rule 23(e)(2), the Court must consider four factors: (1) adequacy of representation, (2) existence of arm's-length negotiations, (3) adequacy of relief and (4) equitableness of treatment of class members. Fed. R. Civ. P. 23(e)(2). As explained below, these factors all augur in support of the proposed Settlement.

### A.  The Class Representatives and Class Counsel Have Adequately Represented the Class and Will Continue to do So.

For the same reasons that the proposed Class Representatives and Plaintiffs' Counsel satisfy the adequacy of representation requirements under Rule 23(a)(4), they also satisfy Rule 23(e)(2)(A). The proposed Class Representatives have been actively engaged in the litigation, have no conflicts with the Class, and seek no individual relief. *See supra* at 9–10. Plaintiffs' counsel is also well-qualified. *Id.*

### B.  The Settlement was Negotiated at Arm's Length by Experienced Counsel and Facilitated by an Experienced Mediator.

Rule 23(e)(2)(B) requires the court to determine whether a proposed settlement "was negotiated at arm's length." "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Soler*, 2023 WL 2492977, at *3 (citing *Wal-Mart Stores*, 396 F.3d at 116). Similarly, the involvement of an experienced mediator is a "strong indicator of procedural fairness." *Hesse v. Godiva Chocolatier, Inc.*, No. 1:19-CV-0972-AJN, 2021 WL 11706821, at *2 (S.D.N.Y. Oct. 26, 2021) (quoting *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 618 (S.D.N.Y. 2012)). The Settlement was preceded by a thorough investigation,

13

motion practice, and substantial discovery. *See supra* at 2. Counsel on both sides are experienced

in ERISA and had a clear understanding of the strengths and weaknesses of each party's case.

*See supra* at 9; ERISA Complex Litigation Jackson Lewis, *available at*

https://tinyurl.com/yjduefk4. Armed with this understanding, the Parties entered settlement

negotiations facilitated by an experienced mediator, Robert Meyer. *See supra* at 2. Thus, this

factor is satisfied. *See In re Excess Value Ins. Coverage Litig.*, No. M-21-84RMB, 2004 WL

1724980, at *10 (S.D.N.Y. July 30, 2004); *Hesse*, 2021 WL 11706821, at *2; *Bhatia v.

McKinsey & Co., Inc.*, No. 1:19-cv-01466, Dkt. 94 at ¶ 1.A (S.D.N.Y. Sept. 18, 2020).

### C.  The Settlement Provides Significant Relief to Class Members that is Fair and Adequate Based on All Relevant Considerations.

Rule 23(e)(2)(C) evaluates the adequacy of a settlement through the following factors:

> (i)   the costs, risks, and delay of trial and appeal;
> (ii)  the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required;
> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> (iv)  any agreement required to be identified under Rule 23(e)(3).

Prior to the 2018 amendments to Rule 23, the Second Circuit considered nine factors from *City

of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), to evaluate the adequacy of a

settlement. These are (1) the complexity, expense and likely duration of the litigation; (2) the

reaction of the class to the settlement; (3) the stage of the proceedings and the amount of

discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages;

(6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to

withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of

the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible

recovery in light of all the attendant risks of litigation. The post-2018 Rule 23 factors

"supplement rather than displace" *Grinnell* factors. *In re GSE Bonds Antitrust Litig.*, No. 19-CV-1704 (JSR), 2019 WL 6842332, at *1 (S.D.N.Y. Dec. 16, 2019). Plaintiffs discuss the Rule 23(e)(2)(C) and relevant *Grinnell* factors together, which support preliminary approval of the Settlement.[1]

### 1. Risks, Costs, and Delay of Continued Litigation and *Grinnell* Factors 1, 3–6, 8–9

Rule 23(e)(2)(C)(i) "subsumes several *Grinnell* factors" and many overlap here. *Hesse*, 2021 WL 11706821, at *3 (quotation omitted). The Settlement provides immediate and certain recovery of $4.6 million. This sum is adequate and reasonable in light of the discovery adduced to date, the risks of proving liability and damages, the range of recoveries in light of those risks, and the complexity and duration of subsequent litigation.

This case settled towards the end of fact discovery, giving all parties a clear understanding of the strengths and risks of their claims and defenses. The end-product of the parties' negotiations is a Settlement that provides significant relief to the Class. Going into mediation, Plaintiffs calculated the Plan's losses attributed to each type of investment and expense as follows:

---

[1] Plaintiffs do not address the Class's reaction to the settlement (*Grinnell* factor 2) because the Class has not yet received notice. *GSE Bonds*, 414 F.Supp.3d at 699 n.1. Nor do Plaintiffs address the likelihood of maintaining the case as a class action (factor 6) in light of the overwhelming case law finding ERISA class actions appropriate for certification under Rule 23(b)(1). Finally, because Garnet's finances are not used to justify the settlement amount, factor 7 is not applicable.

| Claim | Losses |
|---|---|
| Recordkeeping Fees | $1.15 million |
| PFIGO Stable Value | $7.81 million |
| Principal Mutual Funds | $7.85 million |
| Total | $16.81 million |
| Compounding/Lost Earnings | $4.41 million |
| Present Value Total | $21.22 million |

Lee Dec. ¶ 14.[2]  Probing further, the losses attributed to Defendant's retention of Principal

mutual funds were largely driven by Defendant's retention of the Principal Large Cap Growth

Fund, which accounted for $6.6 million in losses. *Id.* ¶ 15. However, discovery revealed that

Defendant performed some monitoring of that fund, including adding it to a watch list. *Id.* While

Plaintiffs' experts would have opined that this monitoring was insufficient in light of the

substantial allocation of Plan assets to that fund, there was an appreciable risk that the Court

could find that placing the fund on a watch list satisfied the duty of prudence. *Id.*; *Waldner v.*

*Natixis Inv. Managers, L.P.*, No. CV 21-10273-LTS, 2025 WL 1871290, at *26 (D. Mass. June

26, 2025) (finding no imprudence where a fund was actively monitored, placed on the watch list,

and replaced upon advice of the investment advisor); *Wildman v. Am. Century Servs., LLC*, 362

F. Supp. 3d 685, 707 (W.D. Mo. 2019). Plaintiffs' strongest liability case thus concerned the

retention of the PFIGO stable value fund. *Id.* ¶ 16. This claim alone, inclusive of compound

losses attributable to stable value, represented a maximum possible recovery of $8.4 million at

the time of mediation. *Id.* In light of this, the Plan's recovery of $4.6 million—more than half of

the losses on this claim alone—is substantial and adequate. *Id.* Even considering Plaintiffs' "all-

---

[2] Defendant disputes Plaintiff's loss calculations and would have vigorously contested them if litigation continued.

in" damages, the Settlement represents a 21.6% recovery. This compares favorably to other settlements. *See, e.g.*, *Bhatia*, No. 1:19-cv-01466, Dkt. 94 (S.D.N.Y. Set. 18, 2020) (approving ERISA settlement that recovered 22% of total excessive fees); *Gamino v. KPC Healthcare*, No. 5:20-cv-1126, Dkt. 452, at *5 (C.D. Cal. Oct. 21, 2023) (approving ERISA settlement amounting to 10% recovery, citing cases); *Johnson v. Fujitsu Tech. & Business of Am., Inc.*, No. 16-cv-03698-NC, 2018 WL 2183253, at *6-7 (N.D. Cal. May 11, 2018) (approving ERISA settlement that represented "just under 10% of the Plaintiffs' most aggressive 'all in' measure of damages").

The Settlement is also adequate considering the risks, costs, and delay of continued litigation. ERISA class actions are "notoriously complex cases" that "often lead[ ] to lengthy litigation." *Foster v. Adams & Assocs., Inc.*, No. 18-cv-02723-JSC, 2021 WL 4924849, at *6 (N.D. Cal. Oct. 21, 2021) (first quotation); *Krueger v. Ameriprise Fin., Inc.*, No. 11–CV–02781 (SRN/JSM), 2015 WL 4246879, at *1 (D. Minn. July 13, 2015) (second quotation) ("*Krueger II*"). Indeed, these cases can extend for a decade before final resolution, sometimes going through multiple appeals. *See e.g.*, *Sacerdote*, No. 1:16-cv-06284 (ERISA class action that was filed August 9, 2016 and remains pending after an appeal and remand before the Second Circuit and denial of *certiorari*); *Chesemore v. Fenkell*, No. 3:09-cv-00413 (W.D. Wisc.) (ERISA breach of fiduciary duty case that commenced in 2009 and went to Seventh Circuit three times before settling in 2017); *Fuller v. SunTrust Banks, Inc.*, No. 1:11-cv-00784, Dkt. 295-1 at 10–11 (N.D. Ga. June 5, 2020) (recounting lengthy procedural history of ERISA class action); *Tussey v. ABB, Inc.*, 850 F.3d 951 (8th Cir. 2017) (recounting 11-year procedural history); *Tibble v. Edison Int'l*, No. CV 07-5359 SVW (AGRx), 2017 WL 3523737, at *15 (C.D. Cal. Aug. 16, 2017) (outlining remaining issues ten years after suit filed). Further, if this case were to proceed into

17

expert discovery, it is expected the Parties would have retained several experts to offer opinions regarding the different investment products and fees challenged. Lee Dec. ¶ 17.

The Settlement avoids lengthy and costly litigation and provides immediate relief to the Settlement Class. This counsels in favor of preliminary approval of the Settlement. *See Velez v. Novartis Pharm. Corp.*, No. 04 Civ. 09194(CM), 2010 WL 4877852, at *14 (S.D.N.Y. Nov. 30, 2010) ("As federal courts in this Circuit have consistently recognized, litigation inherently involves risks, and the purpose of settlement is to avoid uncertainty.").

### 2. Effectiveness of Distribution Method

The proposed method for distributing the Settlement proceeds is fair and reasonable. As noted above, Current Participants in the Plan will have their accounts automatically credited with their share of the Settlement Fund. Settlement § 5.4.1. Former Participants who wish to have their distribution rolled over into a qualifying retirement account will have the option to do so. *Id.* § 5.4.2. Former Participants who do nothing will automatically receive a check in the amount of their distribution amount. *Id.* § 5.4.4. This method of distribution is consistent with numerous other ERISA class action settlements that have received court approval, including the *Deutsche Bank* and *New York Life* settlements in this District. *See Moreno v. Deutsche Bank Americas Holding Corp.*, No. 15 Civ. 9936 (LGS), ECF No. 322-1 at ¶¶ 6.5, 6.6 (S.D.N.Y. Aug. 14, 2018) ("*Moreno II*"); *Andrus v. New York Life Ins. Co.*, No. 2:16-cv-05698, ECF No. 66-1 at ¶¶ 6.5, 6.6 (Feb. 14, 2017).[3] No monies will revert to Defendant, and any uncashed checks will be used to defray Plan administrative fees and expenses that would otherwise be borne by participants. *See* Settlement §§ 5.4.1, 5.9.

---

[3] *See also, e.g.*, *Velazquez v. Mass. Fin. Servs. Co.*, No. 1:17-CV-11249, ECF No. 91-1, ¶¶ 6.5-6.6 (D. Mass. June 14, 2019); *Urakhchin v. Allianz Asset Mgmt. of Am., LP*, No. 8:15-cv-01614, ECF No. 174-3 at ¶ 6.4 (C.D. Cal. Dec. 26, 2017); *Sims v. BB&T Corp.*, No. 1:15-cv-732, ECF No. 436-2 at ¶ 6.4 (M.D.N.C. Nov. 30, 2018).

### 3. Attorneys' Fees

The Settlement terms relating to attorneys' fees are also fair and reasonable. Class

Counsel have agreed to limit any request for attorneys' fees to one-third of the Gross Settlement

Amount. *Id.* § 6.1. The amount of any fee award is reserved to the Court in its discretion. *Id.* §

13.3. This is consistent with the percentage typically awarded in common fund cases in this

district. *See, e.g.*, *Chabak v. Somnia, Inc.*, No. 7:22-CV-09341, Dkt. 87, at *2 (S.D.N.Y. April

28, 2025) (Halpern, J.) (citing cases); *Rosenfeld v. Lenich*, No. 18-CV-6720 (NGG) (PK), 2021

WL 508339, at *6 (E.D.N.Y. Feb. 11, 2021) ("[I]t is very common to see 33% contingency fees

in cases with funds of less than $10 million." (citation omitted)). One-third is also the typical

award for complex ERISA cases such as this.[4] *See, e.g.*, *Harvey v. Bed Bath & Beyond, Inc.*

*401(k) Savings Plan Committee*, No. 2:23-cv-20376-CCC-SDA, Dkt. 78, ¶ 14 (D.N.J. Oct. 3,

2025) (awarding 1/3 fee in ERISA class action where gross settlement amount was $1.95

million); *Tufano v. Pride Mobility Prods. Corp.*, No. 3:24-cv-00765-KM, Dkt. 52 (M.D. Pa. June

17, 2025) (awarding 1/3 fee in ERISA class action where gross settlement amount was $2.1

million); *Colon v. Johnson*, No. 8:22-cv-00888-TPB-TGW, 2024 WL 5133933, at 2 (M.D. Fla.

Dec. 13, 2024), *report and recommendation adopted*, No. 8:22-CV-888-TPB-TGW, 2024 WL

5131566 (M.D. Fla. Dec. 17, 2024) (awarding 1/3 fee in ERISA class action); *Kruger v. Novant*

*Health, Inc.*, No. 1:14CV208, 2016 WL 6769066, at *2 (M.D.N.C. Sept. 29, 2016) ("[C]ourts

have found that '[a] one-third fee is consistent with the market rate' in a complex ERISA 401(k)

fee case such as this matter"); *Krueger II*, 2015 WL 4246879, at *2 ("In such cases, courts have

consistently awarded one-third contingent fees."); *Andrus*, No. 2:16-cv-05698, ECF No. 84

---

[4] The Second Circuit favors the "percentage method" of calculating attorneys' fees in class actions, "'which directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation.'" *Wal-Mart Stores*, 396 F.3d at 121 (quoting *In re Lloyd's Am. Trust Fund Litig.*, No. 96 Civ. 1262 RWS, 2002 WL 31663577, at *25 (S.D.N.Y. Nov. 26, 2002)).

(approving one-third fees). Moreover, with respect to the timing of payment, any attorneys' fees will be paid at the same time that funds to the class are distributed. *See* Settlement § 5.3. These factors support the reasonableness of the Settlement's terms regarding attorneys' fees.

### 4. Other Agreements

The Settlement Agreement expressly states that "[t]his Settlement Agreement and the exhibits attached thereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto." *Id.* § 15.22. Accordingly, there are no separate agreements bearing on the adequacy of relief to the Class. *See* Fed. R. Civ. P. 23(e)(2)(C)(iv).

### D. The Settlement Treats Class Members Equitably.

Finally, the Settlement treats all Class Members equitably. The same plan of allocation— which will award Class Members their *pro rata* share of the Net Settlement Amount— is used to calculate settlement payments for all eligible Class Members (both Current Participants and Former Participants) and all Class Members will be subject to the same release. *See* Settlement §§ 5.1, 1.41. This further supports approval of the Settlement. *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 698 (S.D.N.Y. 2019) (finding equitable treatment of class members where the same plan of allocation awarding class members a *pro rata* allocation of the settlement fund would be applied to all class members, who would all be subject to the same release); *Meredith Corp. v. SESAC, LLC*, 87 F.Supp.3d 650, 667 (S.D.N.Y. 2015) (finding that a *pro rata* allocation plan "appear[ed] to treat the class members equitably ... and has the benefit of simplicity").

## III.  THE CLASS NOTICE PLAN IS REASONABLE AND SHOULD BE APPROVED.

In addition to reviewing the substance of the parties' settlement, the court must ensure that notice is sent in a reasonable manner to all class members who would be bound by the

proposed settlement. Fed. R. Civ. P. 23(e)(1). The "best notice" practicable under the circumstances includes individual notice to all class members who can be identified through reasonable effort. *Id.* 23(c)(2)(B). That is precisely the type of notice proposed here. The Settlement Agreement provides that the Settlement Administrator will provide direct notice of the Settlement to the Settlement Class via U.S. Mail. Settlement §§ 2.4, 2.2.4. This type of notice is presumptively reasonable. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).

The content of the Settlement Notices is also reasonable. The Notices include all relevant information, *see* Settlement, Ex. A, and "'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Lomeli v. Sec. & Inv. Co. Bahrain*, 546 Fed. App'x 37, 41 (2d Cir. 2013) (quoting *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 438 (2d Cir. 2007)); *see also In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); *Bhatia*, No. 1:19-cv-01466, Dkt. 94 at ¶ 5. Moreover, the Notices will be supplemented through the Settlement Website and telephone support line. *See supra* at 4.

## CONCLUSION

For the foregoing reasons, the Court should enter an order: (1) preliminarily approving the Settlement; (2) approving the proposed Settlement Notices and authorizing distribution of the Notices; (3) certifying the proposed Settlement Class; (4) scheduling a final approval hearing; and (5) granting such other relief as set forth in the accompanying proposed Preliminary Approval Order.

Respectfully Submitted,

Dated: October 31, 2025                    **ENGSTROM LEE LLC**

/s/ Jennifer K. Lee

21

Jennifer K. Lee, NY Bar No. 4876272*
Carl F. Engstrom, MN Bar No. 396298**
Steven J. Eiden, MN Bar No. 402656**
323 N. Washington Avenue, Suite 200
Minneapolis, MN 55401
Telephone: (612) 305-8349
jlee@engstromlee.com
cengstrom@engstromlee.com
seiden@engstromlee.com

**JAMES WHITE FIRM LLC**

James H. White IV, AL Bar No. 3611I58J **
2100 Morris Avenue
Birmingham, AL 35203
Telephone: (205) 317-2551
james@whitefirmllc.com

*Admitted in S.D.N.Y.
**Admitted *Pro Hac Vice*