UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | |
|---|---|
| JUSTIN GEORGE, ARIENNE PATZELT, MELISSA ZUBER, and TSU HAN POH-GRACIA, as representatives of a class of similarly situated persons, and on behalf of the Garnet Health Medical Center 403(b) Retirement Savings Plan and Garnet Health Medical Center - Catskills 403(b) Retirement Savings Plan, <br><br> Plaintiffs, <br><br> v. <br><br> GARNET HEALTH MEDICAL CENTER, <br><br> Defendant. | Case No. 7:24-cv-6422-PMH |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

The above-entitled matter came before the Court on the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. ECF No. 62 . After review of the Unopposed Motion for Preliminary Approval of Settlement and the attachments thereto, the Court **GRANTS** the motion and **ORDERS** as follows: [1]

1.  Based on the Court's review, the Court finds, on a preliminary basis that: (1) the Settlement is fair, reasonable, and adequate, and within the range of possible approval; (2) the Settlement has been negotiated in good-faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case and facilitated by an experienced mediator following sufficient factual investigation; (3) the form and method of notice of the Settlement of

---

[1] All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

the Final Fairness Hearing is appropriate; and (4) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and applicable Second Circuit precedents. Accordingly, the Court preliminarily approves the Settlement Agreement in its entirety.

2. Pursuant to Federal Rule of Civil Procedure 23(b)(1), the Court certifies, for settlement purposes only, the following Settlement Class:

> All persons who were participants in or beneficiaries of the Plan at any time from August 26, 2018, through the date of this Order, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period, excluding fiduciaries of the Plan.

3. Named Plaintiffs Justin George, Arienne Patzelt, Melissa Zuber, and Tsu Han Poh-Gracia are appointed as the Class Representatives, and Engstrom Lee LLC, and the James White Firm LLC are appointed as Class Counsel for the Settlement Class.

4. The Court finds the Plan of Allocation proposed by Class Counsel is fair, reasonable, and adequate as it proposes each Class Member's distribution to be based *pro rata* on each Class Member's account balance in the Plan during the Class Period.

5. The Court finds that under Fed. R. Civ. P. 23(c)(2), the proposed Notice of Settlement (Exhibit A to the Settlement Agreement) constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Final Fairness Hearing and of the rights of all Settlement Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law. Specifically, the Court finds that the proposed Notice fairly and adequately provides information to the Settlement Class regarding, among other things: (1) the nature of the claims asserted in the Action; (2) the scope of the Settlement Class; (3) the terms of the Settlement Agreement; (4) the process for submitting a Rollover Form; (5) Settlement Class Members' right to object to the Settlement and

the deadline for doing so; (6) the Settlement Class's release; (7) the identity of Class Counsel and the amount of compensation they will seek in connection with the Settlement; (8) the date, time, and location of the Fairness Hearing; and (9) Settlement Class Members' right to appear at the Fairness Hearing.

6. Pursuant to the Settlement Agreement, Atticus Administration is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

7. The Court approves the establishment of the Qualified Settlement Fund. Atticus Administration shall be the administrator of the Qualified Settlement Fund and shall be responsible for all tax withholding and reporting related to the Qualified Settlement Fund, including for determining whether tax-qualified rollover distributions may be offered to the Settlement Class Members.

8. No later than forty-five (45) calendar days after the entry of this Order, the Settlement Administrator shall send by first-class mail the Settlement Notice (attached as Exhibit A to the Settlement Agreement) to each Settlement Class Member identified by the Settlement Administrator based upon the data available from either the Plan's current and former Recordkeepers or information provided by Settlement Class Members. The Settlement Administrator shall use commercially reasonable efforts to locate Settlement Class Members' last known addresses for any who have moved since the last distribution to them from the Plan.

9. In accordance with the Settlement Agreement, the Settlement Administrator also shall establish a Settlement Website and toll-free telephone line relating to the Settlement no later than thirty (30) calendar days following the entry of this Preliminary Approval Order.

10. The Court hereby appoints Fiduciary Counselors, Inc. to perform the duties of the

Independent Fiduciary under the Settlement Agreement.

11. On [date] at [time] [no sooner than 120 days after the entry of this Order] **April 20, 2026 at 2:30 p.m.**, or at such other date and time later set by Court Order, in courtroom [ ] **520** of the United States District Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601, this Court will hold a Fairness Hearing to determine whether: (a) the Court should approve the Settlement as fair, reasonable, and adequate; (b) the Court should enter the Final Approval Order; and (c) the Court should approve the application for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation. The Final Fairness Hearing may be held in person, by telephone, or via videoconference, without further direct notice to the Class Members, other than by notice to Class Counsel, and/or be adjourned or continued by order of the Court.

12. Any Settlement Class Member may comment in support of or in opposition to the Settlement Agreement. Any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Final Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to participate or supporting documents must be filed or postmarked at least twenty-one (21) calendar days prior to the scheduled Final Fairness Hearing. The comment and/or objection also must: (1) clearly identify the case name and number of this Action; (2) include the Settlement Class Member's full name, current address, and telephone number; (3) describe the position the Settlement Class Member wishes to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that the Settlement Class Member wishes to submit in support of his or her position; (5) provide the name(s), address(es) and phone

4

number(s) of any attorney(s) representing the Settlement Class Member; and (6) include the Settlement Class Member's signature. Any Person wishing to speak at the Final Fairness Hearing shall file, with copies provided to Class Counsel and Defense Counsel, a notice of intent to participate twenty-one (21) calendar days before the Final Fairness Hearing.

13. Any party may file a response to an objection by a Class Member at least seven (7) calendar days before the Final Fairness Hearing.

14. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Settlement Class Member's objections and shall forever be barred from making any such objections in this Action or in any other action or proceeding.

15. Any application for Attorneys' Fees and Costs, Administrative Expenses, and Case Contribution Awards shall be filed no later than thirty (30) calendar days prior to the deadline for objections.

16. No later than thirty (30) calendar days prior to Fairness Hearing, Class Counsel shall file papers in support of Final Approval of the Settlement Agreement. Class Counsel shall file any objections to the Settlement with the motion for Final Approval of the Settlement.

17. Pending final determination of whether the Settlement Agreement should be approved, no Settlement Class Member may directly, through Representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, and/or the Plan.

18. The Court approves the CAFA Notice attached as Exhibit E to the Settlement Agreement and orders that upon mailing of the CAFA Notice, Defendants shall have fulfilled their obligations under CAFA.

It is so ORDERED this  2nd  day of   December   , 2025.

_____
Honorable Philip M. Halpern
United States District Judge

Dated: White Plains, New York
December 2, 2025

6