UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

|  |  |
|---|---|
| JUSTIN GEORGE, ARIENNE PATZELT, MELISSA ZUBER, and TSU HAN POH-GRACIA, as representatives of a class of similarly situated persons, and on behalf of the Garnet Health Medical Center 403(b) Retirement Savings Plan and Garnet Health Medical Center - Catskills 403(b) Retirement Savings Plan,<br><br>          Plaintiffs,<br><br>v.<br><br>GARNET HEALTH MEDICAL CENTER,<br><br>          Defendant. | Case No. 7:24-cv-6422-PMH |

### ~~[PROPOSED]~~ ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The above-entitled matter came before the Court on the Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement. ECF No. 75. After review of the Unopposed Motion for Final Approval of Settlement and the attachments thereto, the Court **GRANTS** the motion and **ORDERS** as follows:[1]

1.      The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to this action, including all members of the Settlement Class.

2.      The Court certifies, for Settlement purposes only, the following Settlement Class:

All persons who were participants in or beneficiaries of the Plan at any time from August 26, 2018, through December 2, 2025, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period, excluding fiduciaries of the Plan.

---

[1] All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

1

3. The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1).

4. Pursuant to Rules 23(e)(1)(A) and (C), the Court hereby approves of the Settlement of the Released Claims covered by this Settlement Agreement and finds the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members.

5. The Court hereby orders that the Settling Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

6. The Court hereby finds that under Fed. R. Civ. P. 23(c)(2) the Settlement Notice constituted the best notice practicable under the circumstances and that due and sufficient notice of the Final Fairness Hearing and the rights of all Class Members has been provided.

7. In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, Atticus Administration, Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members. In total, 0.6% were ultimately returned as undeliverable. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*. ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

8. The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A. The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

2

B.    The Settlement was negotiated only after Class Counsel had engaged in substantial discovery and the Parties had fully briefed Defendant's motion to dismiss;

C.    The Settling Parties were well positioned to evaluate the value of the Class Action;

D.    If the Settlement had not been achieved, both Plaintiffs and Defendant faced the expense, risk, and uncertainty of extended litigation;

E.    The amount of the Settlement ($4,600,000.00) is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

F.    The Class Representatives have actively and independently participated in the Class Action;

G.    The Class Representatives and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

H.    Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court;

I.    There were __0__ objections to the settlement. ~~_____ of those objections were timely. The Court has considered all of them, and they do not affect the Court's determination that the Settlement is fair, reasonable, and adequate. Accordingly, the Court overrules them with prejudice~~; and

3

J.      The Settlement was reviewed by an independent fiduciary, Fiduciary Counselors, Inc., who has approved the Settlement.

9.      The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plan and the Settlement Class.

10.      Within three (3) years after the Settlement Effective Date, if the Plan's fiduciaries have not already done so, the Plan's fiduciaries will conduct or cause to be conducted a request for proposal relating to the Plan's investment advisor services.

11.      Within three (3) years after the Settlement Effective Date, if the Plan's fiduciaries have not already done so, the Plan's fiduciaries will conduct or cause to be conducted a request for proposal relating to the Plan's recordkeeping services.

12.      This Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or on behalf of the Plan, are hereby dismissed with prejudice, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement.

13.      The Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be (a) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (b) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

14.      Each Class Member shall release the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the

4

allocation of the Gross Settlement Amount or Net Settlement Amount, any calculations that are part of the allocation and distribution process of the Settlement, and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

15.     The provisions of Sections 3.1.4 and 3.1.5 shall apply even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members receive a monetary benefit from the Settlement, whether or not such Class Members actually received the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

16.     The Court finds that all applicable CAFA requirements have been satisfied.

17.     The Court finds that an award of attorneys' fees to Class Counsel in the amount of $1,533,333.33 (equal to one-third of the Gross Settlement Amount) is reasonable. The Court further finds that reimbursement of litigation expenses in the amount of $47,120.10, payment to Atticus Administration in the amount of $29,895 for Settlement Administration expenses, and payment to Fiduciary Counselors Inc. in the amount of $15,000 is likewise reasonable.

18.     To Class Representatives George, Patzelt, Zuber, and Poh-Gracia, the Court awards case contribution awards of $7,500 each.

19.     The Plan of Allocation is approved. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court.

20.     With respect to any matters that arise concerning the implementation of distributions to Class Members who are current participants in the Plan (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

21.     Within thirty (30) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each Person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

22.     Upon the Effective Date of this Order under the Settlement Agreement, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

23.     The Court shall retain jurisdiction to enforce the Settlement Agreement, or for resolving any dispute that may arise regarding the Class Notice, the Final Approval Order, or any other matters relating thereto.

24.      The Clerk of the Court is respectfully requested to: (1) enter this Order on the docket and it shall serve as final judgment forthwith; (2) terminate the pending motions (Doc. 72, Doc. 75), and (3) close this case.


It is so ORDERED this 20th day of ____April_____, 2026.


_____
Honorable Philip M. Halpern
United States District Judge


6